DANIEL HESS v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 1, 1906.

Nos. 14,705—(69).

**Judgment Notwithstanding Verdict.**

A judgment notwithstanding a verdict is not authorized, where there is a clear conflict in the evidence upon material issues in the case.

**Memorandum of Court—Reasons.**

A memorandum of the trial court *held* sufficiently to state that the order granting a new trial was based upon the ground that the verdict was not sustained by the evidence.

Action in the district court for Ramsey county to recover $20,000 for personal injuries. The case was tried before Orr, J., and a jury,

[1] Reported in 108 N. W. 7, 803.

which rendered a verdict in favor of plaintiff for $4,000. From an order denying a motion for judgment notwithstanding the verdict, and granting a motion for a new trial, the parties severally appealed. Affirmed upon both appeals. Clerk's taxation of costs reversed.

*Sheehan & Keefe* and *Lovely & Dunn,* for plaintiff.

*M. L. Countryman,* for defendant.

BROWN, J.

Action for personal injuries, in which, after verdict for plaintiff, defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The court denied the motion for judgment, but granted a new trial. Defendant appealed from so much of the order as denied its motion for judgment, and plaintiff appealed from the part granting a new trial.

The facts, briefly stated, are as follows: Plaintiff, in November, 1903, chartered a car in which to transport certain household goods and farming utensils belonging to him from Freeborn county, in this state, to Hunter, in the state of North Dakota, where he had rented a farm which he intended to operate during the following year. He accompanied the car on its journey, and occupied the position of a passenger, though he rode in the car containing his goods. At Campbell, in this state, on November 27, a collision between the train to which his car was attached and another on defendant's road resulted in wrecking several cars, and, as claimed, seriously injuring plaintiff. The defense to the action was (1) that plaintiff in fact received no serious injury, and (2) that subsequent to the accident, on December 10, 1903, defendant settled and paid plaintiff in full for all injuries sustained to his person, and that plaintiff executed and delivered to it a written release and discharge of all claims for such injuries. The release was set out in hæc verba in defendant's answer, to which plaintiff replied that the same was obtained by fraudulent representations on the part of the agent of defendant to the effect that it was a release and discharge of plaintiff's claim for damage to his personal property only. The principal question litigated on the trial, aside from the nature and extent of plaintiff's injuries, was this issue of fraud. The jury found in plaintiff's favor, and the question presented to this court is whether, within the rule governing the right of a party to judgment

notwithstanding a verdict, the evidence is so far conclusive that no fraud was perpetrated by defendant's agent in making the settlement that the court below should have granted defendant's motion.

1. The correct rule on this subject was laid down in the case of Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958, where it was held, in effect, that such relief was not proper in any case where the evidence offered, if true, constitutes a cause of action or a defense. Such relief is never granted where there is a clear conflict in the evidence. Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; Kreatz v. St. Cloud School District, 79 Minn. 14, 81 N. W. 533; Bragg v. Chicago, M. & St. P. Ry. Co., 81 Minn. 130, 83 N. W. 511; Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847; Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502.

The evidence introduced by defendant tends strongly to show that the settlement, made with plaintiff at Hunter, North Dakota, by an agent of defendant, was intended to cover all damages for injuries to his person, and the written release expressly so states. On the other hand, the evidence offered by plaintiff is direct and positive that the settlement had reference solely to the damage and injury to his personal property. Plaintiff distinctly testified that the subject-matter of his personal injuries was not referred to at the time of the settlement, except that defendant's agent stated that his claim in that respect could be settled later. That the settlement was limited to plaintiff's personal effects was testified to by another witness, plaintiff's niece, who was present at the time. Her testimony was substantially in accord with that given by plaintiff. Plaintiff signed the written document evidencing the settlement, which refers solely to his personal injuries; but he testified that by reason of his injuries he was unable to read the same, that it appeared blurred to his vision, that the agent read it to him, and that he signed it in reliance upon his statement that it had reference to his personal property. In this state of the evidence the court was not authorized to grant judgment notwithstanding the verdict.

2. The only point made on plaintiff's appeal from the order granting a new trial is that it does not expressly appear therefrom that it was granted on the ground that the verdict was not sustained by the evidence, and, as the record presents no errors in law to justify a new

trial, the order should be reversed and the verdict reinstated, under the rule in Berg v. Olson, 88 Minn. 392, 93 N. W. 309, Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888, and Owens v. Savage, 93 Minn. 468, 101 N. W. 790. Our examination of the memorandum attached to the order appealed from leads to the conclusion that it was in fact based upon the ground that the verdict was not sustained by the evidence, and, although it is not expressly and in so many words so stated, yet it is sufficiently so indicated. It was therefore a discretionary order, within the rule of Hicks v. Stone, 13 Minn. 398 (434).

The order of the court below is affirmed on both appeals.

An appeal having been taken from the clerk's taxation of costs, the following opinion was filed on August 17, 1906:

PER CURIAM.

In an action to recover for personal injuries plaintiff had a verdict, and defendant thereafter moved in the alternative for judgment notwithstanding the same or for a new trial. The trial court denied the motion for judgment, but granted a new trial. Defendant appealed, caused the proper return to be made to this court, and printed and served upon plaintiff's attorneys a paper book containing the entire record. Plaintiff appealed from that part of the order granting a new trial, and at the opening of the term of this court at which both appeals were submitted applied for leave to use defendant's paper book in the presentation of his appeal, to which defendant made no objection. The application was granted, and both appeals were submitted upon the same printed record at one and the same time. The order of the trial court was affirmed on both appeals, whereupon defendant gave notice of taxation of costs upon plaintiff's appeal, included in the items of which were the cost of printing the paper book and the clerk's fees for the return to this court. Upon objection to these items the clerk held that each party should, in view of the fact that both had the benefit of the printed record and the return, pay one-half the expense of the same, and he taxed the disbursements accordingly. From this decision plaintiff appealed.

The conclusion of the clerk must be reversed. The matter of disbursements on appeals to this court between adverse parties in actions at law is purely statutory. The statutes provide that the losing party

shall pay the disbursements necessarily incurred by the prevailing party. The court has no discretion either in the allowance, disallowance, or apportionment of the same, and the only question involved in this case is whether the items sought to be taxed were incurred by defendant in consequence of plaintiff's appeal.

It is clear that they were not. On the contrary, the expense of printing the record and causing the proper return to be made was rendered necessary solely and only by reason of defendant's appeal, without which its appeal could not have been heard in this court. This situation was in no wise changed by the fact that plaintiff was permitted to submit his appeal upon defendant's printed record, and the statutes which control the matter do not provide for a division of the expense of printing the same in such cases. The court might in cases of this kind impose as a condition to the use of an adversary's printed record the payment of an equitable proportion of the cost of printing the same; but the question was not raised at the time the application was granted in this case, and we are without authority to now impose it.

Another reason in the particular case why plaintiff should not be required to pay the items in question is that a full record was not necessary to the presentation of the appeal. His appeal involved only the construction of the order and memorandum of the trial court, for the purpose of determining the ground upon which the new trial was granted, in the determination of which the evidence was not material.

The clerk's taxation in the respects here involved is reversed.