CHRISTIE LITHOGRAPH & PRINTING COMPANY v. AMERICAN BONDING COMPANY OF BALTIMORE.[1]

July 19, 1912.

Nos. 17,606—(140).

**New trial — verdict not sustained by the evidence.**
    An order granting a new trial will be treated as made on the ground that the verdict is not sustained by the evidence, when the language of the order or of the memorandum clearly shows the new trial to have been granted on that ground, though the fact is not therein specifically stated.

**No abuse of discretion.**
    The evidence in this case was not manifestly and palpably in favor of the verdict, and it was not an abuse of discretion to grant a new trial.

Action in the district court for St. Louis county to recover $29,313 upon a contractor's bond. The complaint, among other matters, alleged the making of a building contract, and the giving of the bond with defendant as surety; that the contractor was duly adjudged a bankrupt in the Federal court; that defendant did not elect to and did not complete the contract. The answer alleged upon information and belief that no plans or specifications were ever signed or agreed

[1] Reported in 137 N. W. 188.

upon or identified so as to become a part of the contract, and the character and extent of the work to be done at all times rested in parole; that the building was not constructed according to the plans and specifications prepared by the architects and furnished to the contractor as a basis for making his bid, but was constructed upon other and different plans and specifications.

The case was tried before Dibell, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*Fitzhugh Burns* and *Washburn, Bailey & Mitchell,* for appellant.
*Thomas J. Davis* and *J. A. P. Neal,* for respondent.

BUNN, J.

This action was brought to recover on a contractor's bond given to plaintiff by John W. Hilliard, as principal, and defendant, as surety. The defense was that Hilliard was induced to enter into the contract with plaintiff, and the defendant induced to execute the bond, by fraudulent representations of plaintiff as to the bids received for the contract. The case was tried, and a verdict returned in favor of defendant. The trial court granted a new trial, and defendant appealed from the order.

1. The first contention of defendant is that the order granting a new trial was not a discretionary order, because it was not specifically stated by the trial court, in the order or in its memorandum, that the new trial was granted on the ground that the verdict was not sustained by the evidence. We do not sustain this contention. While the memorandum does not so specifically state, it is perfectly clear, from the court's discussion of the evidence, that the new trial was granted on the sole ground that, in the court's opinion, the verdict was not justified by the evidence. The order was a discretionary one. Gay v. Kelley, 109 Minn. 101, 123 N. W. 295, 26 L.R.A.(N.S.) 742; Hess v. Great Northern Ry. Co. 98 Minn. 198, 108 N. W. 7, 803.

2. Was the evidence manifestly and palpably in favor of the verdict, so that granting a new trial was an abuse of discretion? A

brief statement of the facts is all that is necessary to show that the order was well within the court's discretion.

Plaintiff received bids for the construction of a building. Hilliard was the lowest bidder, and was awarded the contract. He made application to defendant in writing for a bond. This application contained, as it was required to do by defendant, certain information, including, among other things, the total contract price and the names of the other bidders on the contract, including the highest and lowest. This was stated in the application as follows: ·

"Other bidders on above contract, including highest and lowest:

| Name | Address | Bid |
|------|---------|-----|
| John W. Hilliard | Duluth | $58,626. |
| H. Grant | | 62,223. |
| Geo. H. Lounsberry | Duluth | 66,000." |

It appeared from the evidence that the George J. Grant Construction Company of St. Paul had made a bid of $69,237. It did not appear who H. Grant was, or that he had actually made a bid, though there was testimony that there was one bid of between $62,000 and $63,000. The statement as to the bids, contained in the application, was inserted by defendant's agent at Duluth. He claimed that he obtained the information from Mr. Christie, the president of plaintiff; but this was disputed by the latter. The application was sent to the representative of the company at St. Paul, and it is claimed and was testified to by him that the company relied upon the bid of "H. Grant," supposing it to be the bid of the George J. Grant Construction Company. Defendant had been informed that the Grant Company intended to bid for the contract, but made no inquiry to verify its supposition that the bid of "H. Grant" was the bid of the George J. Grant Construction Company, though the officers of this company reside in St. Paul and were personally known to defendant's representative.

The above statement of facts is all that is necessary to show that the trial court was fully warranted in granting a new trial. Defendant had the burden of proof, and in order to prevail was obliged to

show fraudulent misrepresentations on the part of plaintiff. Clearly plaintiff was not bound to furnish the information, and would only be liable in the case of intentional misrepresentations. The evidence as to what information plaintiff furnished was conflicting. It is not easily perceived what motive plaintiff could have had for stating wrongly the names of the bidders or the amounts of their bids. We are clearly of the opinion that the evidence was such on the vital question of whether plaintiff made the misrepresentations that the trial court was fully justified in concluding that the issue ought to be submitted to another jury.

Order affirmed.