JOHN W. LOYLE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    March 10, 1927. — June 30, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Contributory, In use of highway.

At the trial of an action of tort against a street railway company for personal injuries, there was evidence that, an automobile in which the plaintiff was riding having stalled as it was about to pass between the track of the defendant and another automobile standing between the track and the curb of the street, the plaintiff got out and went to the front of the automobile to crank the engine, when a street car of the defendant, coming from the rear, struck the automobile and drove it upon the plaintiff and he was injured. The plaintiff's testimony showed that, although the place of the accident was light, he neither looked for nor gave thought to the possibility of a street car coming from the rear. The judge ordered a verdict for the defendant. *Held*, that

(1) There being evidence explaining the plaintiff's conduct and showing in what manner he acted, the presumption created by G. L. c. 231, § 85, was rebutted;

(2) It was obvious that in acting as he did the plaintiff was not exercising the care of a reasonably prudent man; and a verdict for the defendant properly was ordered.

TORT for personal injuries. Writ dated June 14, 1924.

In the Superior Court, the action was tried before *McLaughlin*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The record states that the motion was allowed "and the jury returned a verdict for the defendant as directed, and the court thereupon, by agreement of the parties, sent the case to the jury for the assessment of damages only, and the jury assessed damages in the sum of $2,000. The court now reports the case for the determination of the Supreme Judicial Court, upon the stipulation by the parties that if said ruling and order were correct, judgment is to be entered for the defendant upon the verdict; otherwise judgment is to be entered for the plaintiff in the sum of $2,000."

*F. W. Fisher*, for the plaintiff.

*C. S. Walkup, Jr.*, for the defendant.

WAIT, J. The evidence stated in the report, taken most strongly for the plaintiff, permits findings that the engine of a touring car in which he was riding stalled as the car was about to pass between the outbound track of the defendant in Highland Avenue, Somerville, and a coupé parked close to the right hand curb of the avenue; and that the plaintiff, who had been seated at the right of the driver, stepped from the touring car to the running board of the coupé, "nudged" his way, sidewise, forward in order to crank the engine, and was stooping to put his hand on the crank when an electric street car of the defendant, coming from behind, struck the touring car and caused his injury.

The trial judge directed a verdict for the defendant. The plaintiff contends that this was error; and that the determination — whether there was negligence of the motorman and whether the plaintiff, by his lack of due care, contributed to the injury — was, properly, for the jury.

The presumption that the plaintiff was in the exercise of due care, G. L. c. 231, § 85, did not require submission to the jury in this case where there is evidence explaining the plaintiff's conduct and showing in what manner he acted. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392. The place of the accident was "perfectly light." The distance between the curb and the nearest rail was twelve and one half feet. The avenue was straight for a considerable distance in each direction. The plaintiff testified that he knew that electric street cars were running upon the tracks in the street; that he thought the automobile was so placed that a car could get by. "I figured my car was so near the coupé we had plenty of room so the car could go by. Q. You didn't pay any particular attention to it at all? A. Only what I figured." As he got out and moved forward "he heard nothing and did not bother to look and saw nothing." As he bent to crank, he was facing in the direction from which the street car came, but he neither saw nor heard it, and did not look to see if one were coming. On cross-examination he testified: "Q. Did it occur to you at all that night there was a car coming? A. No, it didn't. — Q. Or there was likely to be a car coming? A. I didn't hear nothing that is the only thing I took. — Q. You didn't take any precaution to look at all, did you? A. No. I didn't look back at all." If he merely raised his eyes, the touring car in front of him would shut off sight of the car. "Q. You took no steps at all to look out to see whether a car was coming, you took no measures at all to find out whether a car was coming? A. I took a hasty glance. I didn't hear anything . . . . — Q. You didn't look to see if a car was coming or do anything to protect yourself at all, did you? A. Sure, I looked down the street. — Q. I mean the direction from which this car was coming? A. No, I didn't look."

It is obvious that in acting as he did the plaintiff was not exercising the care of a reasonably prudent man. Stopped in a narrow space in the public way, he put himself in a place of danger without taking any precaution, and without

a glance in the direction from which danger was most likely to come. The "hasty glance" which he mentions was in the opposite direction.

The case is governed by the decision in *Will* v. *Boston Elevated Railway*, 247 Mass. 250, *Dwyer* v. *Boston Elevated Railway*, 220 Mass. 193, *Kelly* v. *Boston Elevated Railway*, 197 Mass. 420, *Quinn* v. *Boston Elevated Railway*, 188 Mass. 473. In *Harlow* v. *Worcester Consolidated Street Railway*, 248 Mass. 572, cited by the plaintiff, the due care statute was applicable.

The case differs essentially from *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519, and *Callahan* v. *Boston Elevated Railway*, 205 Mass. 422.

The judge was right in directing a verdict on the ground of contributory negligence. It results that, in accord with the stipulation stated in the report, the order will be

*Judgment for defendant on the verdict.*