CLARENCE ERICKSON v. DAVID MORROW AND ANOTHER. ARNOLD BELL, APPELLANT.[1]

September 29, 1939.

No. 32,093.

[1]Reported in 287 N. W. 628.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*Pfau & Pfau* and *C. J. Laurisch,* for respondent.

HOLT, JUSTICE.

At about 1:30 a. m. February 2, 1936, as one Walker was towing plaintiff's coupé north on highway No. 22, running from Mapleton to Mankato, in passing through the hamlet of Beauford, the rear left fender of a car driven by one Morrow coming out of the creamery, located on the west side of No. 22 and, turning south thereon, came in contact with the rear left fender of plaintiff's coupé. The impact caused both Morrow and Walker to turn to their right and stop to investigate the damage done. It was ascertained that little or no damage occurred to either car, and the parties separated to proceed on their way. As plaintiff was about to step into his coupé, the left door open and with one foot on the running board, defendant's car going north collided with plaintiff, inflicting severe personal injuries and $300 damage to his coupé. This action resulted. Plaintiff alleged that defendant drove at excessive speed and negligently operated his car against plaintiff. Defendant denied the negligence charged and pleaded plaintiff's contributory negligence as a defense. Verdict for plaintiff. Defendant moved in the alternative for judgment or a new trial. This appeal is from the order denying the motion.

The assignments of error are directed to two propositions or points, *viz.:* (a) The evidence does not support a finding of negligence on the part of defendant; (b) it appears conclusively that plaintiff was guilty of contributory negligence as a matter of law. On this appeal the verdict is not questioned as to amount.

The evidence showed that highway No. 22, through the hamlet of Beauford, ran straight north and south; that it was black tarvia surfaced, 28 feet wide with about three-foot shoulders on either side, except where the rather shallow side ditches were filled to reach stores or other structures fronting the highway. No. 22 was a four-rod highway. Some 500 feet south of the place of accident a county road crossed No. 22 at right angles. The evidence is undisputed that it was a moonlight night, clear and cold; that the Morrow car, the Walker car, and defendant's car had headlights burning brightly; that plaintiff's coupé had no lights whatever and was being towed north by Walker by means of a rope so attached to the coupé as to leave about eight feet between the bumpers; that some 500 feet north of the mentioned crossroad are some buildings on the east side of No. 22, opposite on the west side thereof is a creamery, and north of the creamery a residence where a party was in progress that night; that as Walker with plaintiff's coupé approached the creamery, Morrow drove out from the creamery and turned to his right to go south on No. 22 and in the turn his rear left fender contacted the rear left fender of plaintiff's coupé; that at once each driver stopped on his proper side to ascertain what damage resulted; that before the parties could get started again the lights of defendant's car were seen approaching south of the crossroad mentioned; and that defendant was driving at a speed of not less than 35 miles an hour through Beauford. The evidence was conflicting as to the position of plaintiff's coupé when defendant's car struck it. The jury could find that plaintiff's car, as well as that of Walker, was practically off the traveled or tarvia part of the highway, leaving more than the statutory space for traffic north to pass safely without encroaching the marked center line of the road. It was for the jury to say whether or not in the there and then existing visibility an ordinarily careful driver would not have discovered plaintiff and his coupé in time to avoid contact with either. It was also for the jury to determine whether defendant was driving at an excessive or negligent speed through Beauford, knowing there were other users of the highway at the time; also, the jury could find that defendant collided first with the left rear

bumper and fender of the coupé before it struck and pitched plaintiff forward and to the west of the two cars. One Cramer standing near plaintiff was also thrown down. To sustain the contention that the evidence does not warrant a finding that defendant's negligence was the proximate cause of plaintiff's injuries, his counsel cite and rely on Cosgrove v. McGonagle, 196 Minn. 6, 264 N. W. 134; Wedel v. Johnson, 196 Minn. 170, 264 N. W. 689; Bauer v. Miller Motor Co. 197 Minn. 352, 267 N. W. 206; Szyperski v. Swift & Co. 198 Minn. 154, 269 N. W. 401. An examination of those decisions will show that the facts and circumstances of each collision are much different from those disclosed by the record in the instant case. In the last case cited the defendant's negligence and the plaintiff's contributory negligence were held fact questions upon evidence no more persuasive than here. In our opinion, the evidence sustains the verdict that defendant's negligence was the proximate cause of plaintiff's damage.

On the proposition of contributory negligence it is asserted that plaintiff, parking the coupé unlit in the lane of traffic violated 1 Mason Minn. St. 1927, §§ 2720-48 and 2720-54, and hence as a matter of law was guilty of contributory negligence precluding a recovery. In the first place, it was for the jury to determine whether even if the statutes were violated such violation proximately contributed to the accident; and, in the second place, the conflict in the evidence made it a jury question whether or not there was any violation of either section of the statute. There is evidence from which the jury could conclude that the coupé was wholly off the tarvia or traveled lane of the highway; that it stood some two feet farther east than Walker's fully lighted car, also so parked. Defendant points with confidence to Dragotis v. Kennedy, 190 Minn. 128, 250 N. W. 804; but the facts there were that the driver of a car with a deflated tire stopped the car in the lane of travel to make repairs, there was no taillight burning, the night was dark and drizzly, the visibility poor, and the plaintiff, a guest passenger, holding a flashlight down to aid the one taking off the tire and standing near the center line of the highway, made no effort to look for approaching cars and was struck and injured by the defendant

coming up from the rear of the parked car. The plaintiff there was of course not violating any statute in respect to parking or having no lights on that car, but was, on his own admissions, held guilty of contributory negligence for the position taken in the lane of travel under the conditions there present and exercising no care whatever for his own safety. Defendant also cites Fortman v. McBride, 220 Iowa, 1003, 263 N. W. 345; Tibbetts v. Dunton, 133 Me. 128, 174 A. 453; Loyle v. Boston Elev. Ry. Co. 260 Mass. 404, 157 N. E. 356; Singer v. Messina, 312 Pa. 129, 167 A. 583, 89 A. L. R. 1271; Descombaz v. Klock, 58 S. D. 173, 235 N. W. 502; Kassela v. Hoseth, 217 Wis. 115, 258 N. W. 340. In the decisions cited from Maine, South Dakota, and Pennsylvania it is recognized that whether or not a violation of a traffic statute by a plaintiff proximately contributes to cause his injury is ordinarily for the jury; but in those cases, apart from any statutory infraction, it was held that contributory negligence appeared as a matter of law. In none of the cases cited was the evidence comparable to that in the instant case in respect to the position of the parked car, or plaintiff's conduct, or the visibility of surroundings. In Iowa the plaintiff must carry the burden of showing absence of contributory negligence, and it was held that for failure so to prove a verdict was properly directed against him in Fortman v. McBride, 220 Iowa, 1003, 263 N. W. 345. In Tibbetts v. Dunton, 133 Me. 128, 174 A. 453, the court held that, apart from violation of a parking statute by the plaintiff, which properly was a jury question, the evidence was conclusive that the plaintiff in stopping his car to repair a tire, took a position of great danger upon the highway and became so wholly oblivious to passing traffic that judgment notwithstanding the verdict was justified. In Loyle v. Boston Elev. Ry. Co. 260 Mass. 404, 157 N. E. 356, the plaintiff took his position in front of his stalled car to attempt to crank it without a glance to the rear to ascertain whether or not any electric car was coming on the track his car was encroaching, and it was held a verdict was properly directed for defendant because of the plaintiff's contributory negligence. The case of Singer v. Messina, 312 Pa. 129, 167 A. 583, 89 A. L. R. 1271, presents a situation entirely different from

the case at bar. The court there stated that the plaintiff's decedent appeared guilty of gross negligence which contributed to his injury, and so a directed verdict for defendant was sustained. In Descombaz v. Klock, 58 S. D. 173, 235 N. W. 502, the plaintiff was held contributorily negligent because he did not, while after dark making a necessary repair on his car, take any precaution whatever to discover approaching traffic from the rear, knowing that his car had no taillight. The case of Kassela v. Hoseth, 217 Wis. 115, 258 N. W. 340, is of no aid here, the facts being not at all similar to those of importance in the case at bar. In our opinion the evidence does not establish that as a matter of law plaintiff was guilty of negligence which contributed to his injury or loss.

The order is affirmed.

[1]Reported in 287 N. W. 625.