# LENA ANDERSON v. LENA JOHNSON AND OTHERS.[1]

October 11, 1940.

Nos. 32,482, 32,513.

*Snyder, Gale & Richards,* for appellant Andrew Kutches.
*Murphy, Johanson & Winter* and *Swanson Brothers,* for appellants Lena and Albert L. Johnson.
*Tom E. Davis* and *T. O. Gilbert,* for respondent.

GALLAGHER, CHIEF JUSTICE.

In an action for damages for injuries sustained in an automobile accident, plaintiff was awarded the sum of $7,000

[1]Reported in 294 N. W. 224.

against defendants, Lena Johnson, Albert Johnson, and Andrew Kutches. They moved separately for judgment *non obstante*. The motions were denied and judgment was entered, from which defendants separately appealed. By stipulation of the parties, the appeals were consolidated for hearing in this court.

The accident giving rise to plaintiff's injuries occurred shortly before midnight on the evening of July 27, 1937, a short distance northwest of Benson on paved highway No. 12, which runs northwesterly and southeasterly between Benson and Clontarf. Earlier in the evening Kutches, the owner of a gravel truck, offered to take plaintiff and two other persons for a drive from Benson to Clontarf and back. It was on the return trip that plaintiff was injured.

As is usual in automobile accident cases, there is conflict in the testimony. It is quite clear from the record, however, that at the time and place mentioned, Kutches stopped his truck on the right side of the pavement and got out to adjust a board on the box of the truck which had become loose and was rattling. While the truck was so parked Mrs. Anderson also alighted and walked to the rear of it, where, as she claims, she assisted Kutches in putting the board into the gravel box. Kutches thereupon returned to the cab. Plaintiff claims that after helping Kutches with the two-by-four she started to go back to the cab when, at a place on the pavement immediately back of the right rear dual wheels of the truck, she discovered some dust or dirt on her dress. She hesitated a moment in order to brush it off; that while so engaged she was run into by the automobile owned by defendant Lena Johnson and driven by defendant Albert Johnson, from which collision she suffered the injuries complained of in this action.

The facts in this case are substantially the same as in Johnson v. Kutches, 205 Minn. 383, 285 N. W. 881, where we sustained a recovery by Johnson against Kutches, hold-

ing that, as between them, the issues of negligence and contributory negligence were for the jury.

In the present case each of the defendants denies negligence, and each contends that plaintiff's negligence proximately contributed to her injuries.

1. First to be considered is the question whether there was negligence on plaintiff's part contributing proximately to her injuries and therefore precluding recovery. Defendants urge that Mrs. Anderson's conduct in standing upon the highway in the path of an oncoming automobile under the circumstances shown by the record constituted such an utter disregard for her safety as to amount to contributory negligence as a matter of law. Particular stress is laid on the fact that she saw the lights of the approaching car and should have removed herself to a place of safety. We do not believe that factor controlling, particularly if plaintiff, in the exercise of her judgment, misjudged the speed of the car or the distance it was away from her when she saw it. In this connection, in answer to a question as to whether she made any effort to avoid being struck by the Johnson car, Mrs. Anderson answered: "I seen the light away up the road, but they seemed far away, and that is all I can remember till I was struck. It seemed to me they were coming at a pretty good speed." And, again, in answer to a question as to whether after having seen the headlights of the approaching automobile she paid any further attention to it, she answered: "No, it seemed to be away back, so I didn't pay any attention." In our opinion, the case is within the rule of such cases as Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774; Larson v. Fox, 189 Minn. 536, 250 N. W. 449; and Jasinuk v. Lombard, 189 Minn. 594, 250 N. W. 568.

The present case is distinguishable from Dragotis v. Kennedy, 190 Minn. 128, 250 N. W. 804, relied upon by appellants. There the night was dark and misty and visibility

poor. The parked car had no taillight. The party injured was standing near the center of the highway holding a flashlight for a person who was fixing a tire. This court held that under the circumstances there existing plaintiff was guilty of contributory negligence as a matter of law. In the case before us plaintiff was standing near the outside edge of the pavement. The night was clear, and there was testimony from which the jury might find that the taillight on the Kutches truck was lit.

The burden of proving contributory negligence rests upon defendant, and it is ordinarily a fact question for the jury. Under the conditions shown by the evidence to exist at the time and place of the accident, that issue was properly submitted to the jury, and the result reached is sustained by the evidence. Cases bearing upon the question of contributory negligence may be found in 25 A. L. R. 134; 34 A. L. R. 1513; and 61 A. L. R. 1159.

2. We find no great difficulty in holding that the question of Johnson's negligence was also for the jury. As heretofore stated, the night was clear, the road level, and visibility good. Johnson testified that his lights were working properly and that he could see ahead a distance of from 300 to 400 feet. His vision may have been affected by the lights of an approaching car, as claimed by him, although there seems to be some confusion as to the location of this car when Johnson approached the truck. He admits that he did not see plaintiff at any time and did not see the Kutches truck until he was between 15 and 20 feet from it. The evidence presented a situation from which the jury could well find, as it did, that Johnson's operation of the car constituted and was a proximate cause of plaintiff's injuries. Holmberg v. Villaume, 158 Minn. 442, 197 N. W. 849; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Campbell v. Sargent, 186 Minn. 293, 243 N. W. 142.

3. Most troublesome of the questions presented is whether Kutches' negligence was a proximate cause of plaintiff's

injuries. The finding that he was negligent is well supported by the evidence. This court sustained the action of another jury in that respect. Johnson v. Kutches, 205 Minn. 383, 285 N. W. 881. We do not deem it necessary to relate the testimony upon which such a finding could be based except insofar as it might have some bearing on the all important question of proximate cause.

The proximate cause of an injury is "that which causes it directly and immediately, or through a natural sequence of events, without the intervention of another independent and efficient cause, the predominant cause." 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7000, and cases cited under notes 84 and 85. This rule was quoted and applied in Sworski v. Colman, 204 Minn. 474, 476, 283 N. W. 778. A given act is the proximate cause of a given result where that act is a material element or a substantial factor in the happening of that result. Draxton v. Katzmarek, 203 Minn. 161, 164, 280 N. W. 288; Peterson v. Fulton, 192 Minn. 360, 256 N. W. 901; 21 Minn. L. Rev. 19; Restatement, Torts, § 431. Where an injury is caused by the concurrent negligence of several persons, the negligence of each is the proximate cause of the injury and each is liable for all resulting damages. Guild v. Miller, 199 Minn. 141, 271 N. W. 332; 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7006. The question of what constitutes proximate cause is usually for the jury unless the evidence is conclusive, and should be determined by them in the exercise of practical common sense rather than by the application of abstract principles. Kulla v. E. B. Crabtree Co. 203 Minn. 105, 280 N. W. 16; Keiper v. Pacific G. & E. Co. 36 Cal. App. 362, 172 P. 180; Brown v. Murphy T. & S. Co. 190 Minn. 81, 251 N. W. 5.

Was there evidence from which the jury could find that the negligence of Kutches was a material element or a substantial factor in bringing about plaintiff's injuries? It seems to us that there was. Had Kutches put out flares

as required by statute (3 Mason Minn. St. 1940 Supp. § 2720-264[b]) they would have served as a warning to Johnson of danger in the distance as he approached from the northwest on the straight, level highway. But, that aside, it seems to us that the jury would be justified in finding, as it probably did, that the emergency created by the location of the truck on the highway may have materially affected the actions of Johnson in the operation of his car. It may have prompted him to swerve his automobile to the right rather than to the left in an attempt to avoid hitting the truck, thereby running into Mrs. Anderson and injuring her. The jury could also have found that her injuries were in part caused by being caught between the truck and the car. Mrs. Anderson's body was found near the right edge of the pavement. Photographs admitted in evidence show damage to the left front part of Johnson's car and the right rear part of Kutches' truck. Regardless of the statute pertaining to the use of flares, defendant Kutches was required to use ordinary care commensurate with the risks involved. Twa v. Northland Greyhound Lines, Inc. 201 Minn. 234, 237, 275 N. W. 846; Wicker v. North States Const. Co. Inc. 183 Minn. 79, 82, 235 N. W. 630; Brown v. Murphy T. & S. Co. 190 Minn. 81, 84, 251 N. W. 5.

From all the evidence and the inferences properly drawn therefrom we have reached the conclusion that the issue of proximate cause was for the jury and that there is evidence to sustain that determination.

Affirmed.