MARGARET L. COWPERTHWAIT v. FREDERICK C. TADSEN
AND ANOTHER.[1]

February 6, 1942.

No. 32,978.

*Freeman & King* and *Arthur B. Geer,* for appellant.
*Bundlie, Kelley & Finley,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Suit to recover for personal injuries and for damage to property arising out of a collision between plaintiff's automobile and one owned by defendant Frederick C. Tadsen and driven by his wife, the defendant Mabel Tadsen. Plaintiff had a verdict for $850. Defendants moved for judgment notwithstanding the verdict or a new trial. The motion for judgment was granted, and plaintiff appealed from that order. Thereafter judgment was entered for defendants, and the parties stipulated that the appeal might be considered as one from the judgment.

The collision here involved occurred about nine o'clock in the evening of October 1, 1940, about one mile south of Rosemount, Minnesota, on trunk highway No. 165. The night was clear and dark, there being no moon. The 18-foot pavement, which was dry,

[1]Reported in 2 N. W. (2d) 429.

was flanked on either side by six- to eight-foot shoulders level with the edge of the pavement and flat over their entire width. Defendant Mabel Tadsen testified that she was returning to her home in Minneapolis after a visit with friends in Northfield. A short distance south of the place of accident her lights suddenly went out because of the burning out of a fuse. Up to that time her car had been operating perfectly. She had been driving between 40 and 45 miles an hour, but immediately applied the brakes and "killed the engine." The car came to a standstill on the right side of the pavement. She then saw a car about two blocks away approaching from the north and sounded her horn to warn the driver. At the same time, according to her testimony, she stepped on the starter and got the engine going, but before she could get the car in motion it was struck from the rear by plaintiff's automobile.

Plaintiff had been visiting with her parents in Faribault and was returning to her home in Minneapolis. Shortly after coming around a curve half a mile south of the place of accident, she met a southbound automobile and dimmed her lights for it. As she passed the southbound car she raised her lights, and then observed, according to her testimony, a large dark object on the pavement about 75 to 80 feet ahead. She applied the brakes and tried to stop, but, realizing that she could not do so in time, turned to the right. The left front part of her car collided with the right rear of defendants', resulting in damage to both cars and injuries to plaintiff.

The trial judge submitted to the jury the questions of defendants' negligence and plaintiff's contributory negligence. He read the applicable statutory provisions and gave the emergency rule as it applied to both parties. In a memorandum attached to the order for judgment the court said:

"However, it appears to this court that both drivers were, without negligence on their part, confronted with an emergency and that each driver, while not exercising the highest degree of care, did thereafter, as a matter of law, exercise that caution and judg-

ment which could be reasonably expected from an ordinarily prudent person under the circumstances."

The jury could well have so found, and, if it had, its verdict could not be disturbed, but we believe that on the record presented the issues of defendants' negligence and plaintiff's contributory negligence were for the jury. Mason St. 1940 Supp. § 2720-217(a), provides:

"Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway."

Defendants violated the statute unless excused by *Id.* § 2720-217(b), which reads:

"This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

Mrs. Tadsen contends that an emergency arose through no fault of hers and that her conduct as bearing upon the question of her negligence must be judged in the light of such emergency. She urges that the extinguishment of the lights so disabled the automobile as to make it impossible to avoid stopping and temporarily leaving it on the pavement. It is conceded that the extinguishment of the lights was not her fault, but from that point on it cannot be said as a matter of law that she acted as an ordinarily prudent person would act under the same or similar circumstances. In attempting to stop her automobile she "killed the engine."

Whether that was necessary in the operation of a car "functioning perfectly" was a fact question, as was the question of her opportunity, either with the engine running or the car coasting, to cause the automobile to be gradually moved wholly or partly onto the adjacent shoulder. Apparently she had the benefit of the lights from the oncoming car from the north. There is some dispute as to the amount of time that elapsed between the extinguishment of the lights and the crash. Defendant and her witnesses testified that only five to ten seconds elapsed, but apparently she gave a statement to an adjuster for an insurance company that not more than a minute passed. However, this does not seem so important to us as her opportunity to bring the automobile to a halt off, or partly off, the pavement. The jury had a right to consider whether defendant's action met the standard of care of an ordinarily prudent person under similar circumstances.

The question of plaintiff's contributory negligence was clearly for the jury.

Judgment reversed.