## GROVER LATOURELLE v. WILLIAM HORAN.[1]

June 5, 1942.

No. 33,096.

[1]Reported in 4 N. W. (2d) 343.

*Hoke, Cobb & Janes,* for appellant.

*K. M. Krost* and *Schmitt, Johnson & Farrish,* for respondent.

HILTON, JUSTICE.

This controversy arises out of an automobile collision which occurred after dark on September 28, 1940. Paul Latourelle and two friends were proceeding north on highway No. 22 toward Waterville when the lights on the car, a 1931 Chevrolet coach, flickered and went out. The car was brought to a gradual stop on the east side of the highway. Latourelle made several unsuccessful attempts to restore the lights by substituting new fuses, but each one burned out. While he was at the back of the car, apparently engaged in fixing the taillight, he was crushed between his car and one driven by appellant, who was proceeding in the same direction. It is appellant's claim that oncoming cars from the north, one of which did not dim its lights, momentarily blind-

ed him, and then, with less than 100 feet between them, he saw the Latourelle car. Another oncoming car from the north is said to have prevented him from turning into the west lane of traffic. His only effort to avoid the accident was to apply the brakes. The Latourelle car, which had been standing out of gear with its engine running, was pushed up the highway and into the west ditch some 175 to 240 feet from the point of impact.

1. Appellant's chief contention upon this appeal from an order denying alternative requests for judgment notwithstanding a verdict for respondent or a new trial is that the evidence compels the conclusion that decedent is chargeable with contributory negligence. The negligence charged to decedent arises out of his alleged inexcusable failure to park the vehicle off the traveled portion of the highway at a time when it was not disabled, his failure to exhibit a taillight, and his failure to remove himself from a position of obvious peril in time to avoid injury to himself.

We regard the showing made by appellant in behalf of the assertion that the Latourelle car was parked on the traveled portion of the highway insufficiently persuasive to authorize judgment notwithstanding. Contrary to appellant's contention, the physical facts by no means overcome the testimony for decedent that the Latourelle car was pulled "to the side of the road" with its right wheels "not over ten inches or a foot" from the extreme east side of the shoulder. The traveled portion of the highway measures 24 feet in width, and, with the shoulders on each side, there was an overall width of about 30 feet to the edges of the ditch. Photographs showing the skid marks of the Horan car are pointed to in support of the assertion. But these reveal that the skid marks of the Horan car turn abruptly in a northeasterly direction immediately before reaching the point of impact. Thus it is permissible to infer that the application of the brakes on the Horan car caused it to swerve to the side of the road where it struck the Latourelle car. Also, though there is testimony which places the Horan car upon the traveled portion of the highway after the accident, this is offset by testimony to the effect that its right

wheels were on the east shoulder. The photographs of the Latourelle car in its damaged condition do not support appellant's claim that the impact between the cars was direct rather than angular. Demonstrably, they reveal that there was a greater impact upon the middle and left-hand side of the back of the Latourelle car. In addition to the iron supports which held the hitch bar attached to the Latourelle car, it appears to us that the spare tire shows evidence of having received a greater blow upon the left side. Also the location of the Latourelle car after the accident is some evidence that the contact was on the left-hand side. The middle bumper guard of the Horan car, upon which appellant relies to establish flush contact, could easily have been bent in the manner it was by contact in the manner contended by respondent. Consequently, we do not believe that it has any particular evidentiary significance.

All of appellant's argument upon the law is predicated upon the factual premise that the Latourelle car was parked on, not off, the traveled portion of the highway at a time when it was not disabled (Mason St. 1940 Supp. § 2720-217[b]) and in violation of the provision of law requiring "at least 20 feet" of unobstructed width opposite a parked vehicle. § 2720-217(a). However, in view of our belief that appellant's evidence is far from conclusive upon the question of the location of the Latourelle car upon the highway, we find it unnecessary to review or discuss the application of the disabled-vehicle and unobstructed-width provisions. It is sufficient to say upon this phase of the case that the evidence for respondent, which made a jury issue of these questions, was not so convincingly overcome by the physical facts as to allow this court to upset the verdict.

2. As respects the failure of decedent to exhibit lights and to protect himself from an obvious danger, we think that on the evidence both questions were for the jury's decision. By § 2720-239, parked vehicles are required to exhibit lights. Failure so to do is *prima facie* evidence of negligence. § 2720-291(b). However, the evidence does not compel the conclusion that decedent could

have done any more than he did, namely, park off the traveled highway and attempt to make repairs of the lights which had suddenly gone out. *Cf.* Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409. Also, parked where he was, decedent undoubtedly thought himself safe from the danger of collision. We cannot say that the jury misapplied the standard of care in absolving decedent from the charge of contributory negligence.

3. In support of his motion for new trial, appellant urges error in several instructions of the court and in its failure to give certain other instructions. However, we do not feel that these contentions have sufficient merit to require special comment. But we do wish to say something about the action of the trial judge in response to appellant's request for an instruction allowing him the benefit of the emergency rule. After refusing appellant's request, the judge changed his mind and included the emergency rule in the charge. The effect of this was to deny to appellant the benefit of having his counsel discuss this rule in his final argument to the jury.

The benefit to litigants of having applicable principles of law discussed by counsel in final argument should not be underestimated. It was for the purpose of assuring this that the statute requires requested instructions to be submitted in writing in advance for a ruling (Mason St. 1927, § 9298) so that they may be contained in the argument. Nevertheless, in order to fulfill his judicial duty, a trial judge must charge the jury upon all applicable law. A judge could not, out of solicitude for the privilege of argument, refuse to instruct upon an applicable provision of law notwithstanding that he had denied a prior request for such an instruction. Moreover, in this case, though the arguments of counsel were not made part of the record, we feel certain that counsel for appellant did argue to the jury that appellant's conduct in response to the circumstances then existing was all that could be expected of a reasonable man. Since the emergency rule is but a specialized application of the general standard of reasonable care, Zickrick v. Strathern, 211 Minn. 329, 331, 1 N. W. (2d)

134, 136, appellant was not entirely deprived of the benefit of argument upon this instruction. Consequently, though counsel should have been permitted to argue upon the emergency rule as such, we do not feel that failure to receive that privilege constituted reversible error in the circumstances of this case.

Order affirmed.

[1]Reported in 4 N. W. (2d) 345.