GERALD T. LeMIRE, SPECIAL ADMINISTRATOR,
SUBSTITUTED FOR PETER BRILL, DECEASED, v.
EINER NELSON.[1]

March 13, 1953.

No. 35,801.

*Richards, Janes, Hoke, Montgomery & Cobb,* for appellant.
*F. L. Palarine,* for respondent.

LORING, CHIEF JUSTICE.

This is an action for personal injuries resulting from an automobile accident, which plaintiff claims was due solely to the negligence of defendant. The accident occurred at 3 p. m. on a Sunday afternoon. It appears that at the time of the accident plaintiff was attempting to get some gasoline from the gas tank of his parked auomobile in order to clean his windshield, which had become heavily frosted. Defendant, who was driving in the same direction as plaintiff, ran into the left rear corner of plaintiff's car, pinning plaintiff's legs between the two cars.

The jury, under instructions that are not challenged, returned a verdict for plaintiff for $4,140. Plaintiff moved to increase the

---

[1]Reported in 58 N. W. (2d) 189.

verdict or for a new trial on the question of damages alone and defendant moved for judgment notwithstanding the verdict. Both motions were denied. Plaintiff then appealed to the supreme court from the denial of his motion, which appeal was dismissed on January 10, 1952. Judgment was then entered, and now defendant appeals from the judgment. He contends that the court erred in denying his motion for judgment notwithstanding the verdict because the evidence shows that plaintiff was contributorily negligent as a matter of law. This is the only question presented on this appeal.

■ In reviewing the evidence we resolve all doubts and conflicts in favor of plaintiff, the prevailing party below. The following appear to be the facts: The weather conditions were very severe; it was sleeting, with a wind from the north. Plaintiff, who was proceeding north, could see only some 15 to 20 feet ahead of him through his frosted windshield. He stopped his car to scrape the sleet off the windshield, pulling his car as far on the shoulder as he possibly could. However, it appears that the shoulder was narrow at this point, and plaintiff's car extended some 2½ feet onto the pavement. Plaintiff testified that when he got out of the car he could see some 250 feet to the north and 400 or 500 feet to the south. He also testified that when his windshield was clear he could see about three-fourths of a mile to the north from inside the car. The difference in visibility between inside and outside the car is apparently accounted for by the fact that the wind and sleet were being driven from the north. While there was a parking area some 200 feet ahead, plaintiff testified that he could not see it. There were no lights burning on plaintiff's automobile. Plaintiff got out of his car and looked to the north and south. He then walked to the rear of his car to get some gasoline to put on a rag in order to clear the frost from his windshield and prevent further freezing. His gas-tank cap was located in the rear rather than at the side of the car, some 21 inches from the left-hand side of the car. He opened the cap with a key and was about to dip the rag into the tank when he was struck by defendant's car. At that time, he was standing in the rear of his automobile with his left foot on the pavement. Approximately

a minute and a half elapsed from the time he left his car until the time he was hit; approximately 30 seconds elapsed from the time he last looked to the south for approaching traffic until the time he was hit.

The evidence of the negligence of defendant is abundant. Plaintiff testified that after the accident defendant drove him to a friend's home and that during this ride he noticed that he could not see out of defendant's windshield and that defendant was guiding his car by looking out of a side window. As previously mentioned, the only question before us is whether plaintiff was guilty of contributory negligence as a matter of law.

Under the facts, as summarized above, the jury might well have found that, because of poor visibility, it was absolutely necessary for plaintiff to stop his automobile and clean the windshield; that he pulled as far off the road as possible; that, in view of the limited visibility and the condition of plaintiff's windshield,[2] he was not negligent in selecting this particular spot or in failing to select another; that he was not negligent in failing to turn any lights on or, at least, that the absence of lights at that time of day was not a contributing cause of the accident;[3] and that, in view of the circumstances and taking into consideration that plaintiff could not maintain a constant lookout, plaintiff was not negligent in failing to maintain a proper lookout, or more specifically, that he was not negligent in not looking for the 30 seconds preceding the accident.

■ Appellant relies primarily on Henry v. Hallquist, 226 Minn. 39, 31 N. W. (2d) 641, and Dragotis v. Kennedy, 190 Minn. 128, 250

---

[2]Part of M. S. A. 169.32 was included in the charge to the jury:

"Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway *when it is practical* to stop, park, or so leave such vehicle off such part of said highway, * * *." (Italics supplied.)

The jury might well have found that it was not practical to move plaintiff's automobile in view of only 20 feet of visibility. See, Geisen v. Luce, 185 Minn. 479, 242 N. W. 8.

[3]There was no charge made relative to any statutory requirement of lighting of vehicles at times of reduced visibility. See, M. S. A. 169.48.

N. W. 804, as authority for finding contributory negligence as a matter of law. In the Henry case, this court upheld a directed verdict, which was awarded defendant on the grounds that plaintiff was guilty of contributory negligence as a matter of law. There, this court found that the undisputed facts showed that plaintiff made no attempt to move his car onto the shoulder where there was ample room to park and that he got out of his car and proceeded to remove the snow from his windshield (226 Minn. 45, 31 N. W. [2d] 644) "without observing approaching traffic." The undisputed evidence thus showed that, during a blinding snowstorm, plaintiff got out of his car on the pavement, gave one look at the rear, and then continued for two, three, or four minutes to work on the windshield, without looking to see if anyone was coming up from the rear on a heavily traveled highway.

In the Dragotis case, this court again upheld a directed verdict for defendant on the ground of contributory negligence. The facts there showed that plaintiff's driver made no effort to get his automobile onto the shoulder, which had adequate width for that purpose. This court there found that plaintiff actively participated in his driver's conduct. Plaintiff then stood in the center of the pavement (190 Minn. 130, 250 N. W. 805) "ignoring or deliberately risking the danger" of approaching traffic.

We are of the opinion that the facts in the case at bar differ materially from the facts in the above-cited cases. The facts in the case at bar are undisputed that plaintiff pulled his car as far onto the shoulder as possible and that only 2½ feet of his car extended onto the highway. There was evidence that the traffic on this highway was very light and that, in fact, except for defendant's car there was a complete absence of other vehicles thereon. It appears that at the time of the accident plaintiff had only one foot on the pavement. Finally, plaintiff testified that he did look for approaching traffic and that he had looked away only for some 30 seconds in order to proceed with his operation of obtaining gas from the tank.

Under these facts, whether or not plaintiff could and should have done more than he did—and especially whether his failure to keep a better lookout for approaching traffic constituted negligence—was a question for the jury. See, Latourelle v. Horan, 212 Minn. 520, 4 N. W. (2d) 343; Cowperthwait v. Tadsen, 212 Minn. 49, 2 N. W. (2d) 429; Bakken v. Lewis, 223 Minn. 329, 26 N. W. (2d) 478; Duff v. Bemidji Motor Service Co. 210 Minn. 456, 299 N. W. 196; Corridan v. Agranoff, 210 Minn. 237, 297 N. W. 759; Anderson v. Johnson, 208 Minn. 373, 294 N. W. 224; Erickson v. Morrow, 206 Minn. 58, 287 N. W. 628.

Affirmed.

On Appeal from Taxation of Costs and Disbursements.

On April 17, 1953, the following opinion was filed:

Per Curiam.

Both appellant and respondent appeal from the clerk's taxation of costs and disbursements allowed in the above-entitled action.

The original plaintiff in this action sued for personal injuries suffered when he was struck by defendant's automobile. Plaintiff recovered a verdict. Plaintiff then moved for an increase in the verdict or, in the alternative, for a new trial on the question of damages, which motion was denied. Plaintiff then appealed to this court from the order denying his motion. In conjunction with his appeal, plaintiff had a transcript of the evidence prepared, the case settled, and the record printed. Before his appeal could be heard, the original plaintiff died, and, pursuant to stipulation, the present plaintiff, special administrator of the original plaintiff's estate, was substituted as plaintiff. Subsequently, defendant's motion for dismissal of the appeal, with costs for defendant, was granted because of the failure of plaintiff to file briefs. Defendant was allowed $10 statutory costs.

Judgment was then entered in this matter by the district court, and defendant promptly appealed from this judgment. Pursuant to defendant's request, this court ordered that the appeal be heard on the printed records that plaintiff had prepared and submitted

for the previous appeal. Plaintiff was notified of this action and made no objection.

This second appeal was heard, and plaintiff prevailed. Plaintiff submitted costs and disbursements including a $520 item for printing the record, a $164.50 item for the transcript, and a $44.50 item for the bond of the special administrator. The clerk of the supreme court allowed the first two items, i. e., the transcript- and record-printing costs, but disallowed the cost of the special administrator's bond as such.

Defendant appeals from the allowance by the clerk of the cost of the transcript and the printing of the record, setting up that such material was printed for a previous appeal. Plaintiff appeals from the disallowance of the cost of the special administrator's bond.

Plaintiff incurred the costs involved in the transcribing and printing of the record in order to prosecute his original appeal. That appeal was concluded against plaintiff in the sense that no costs were allowed him. Plaintiff bore the costs because he failed to prosecute that appeal. Subsequently, plaintiff made no attempt to have the record returned. The records were left in the custody of the court and, in the interests of economy, defendant quite properly requested that his appeal be presented on parts of that record. See, Fitzgerald v. Hennepin County Catholic B. & L. Assn. 56 Minn. 424, 57 N. W. 1066, 59 N. W. 191. Plaintiff made no objection to the court's allowing defendant's appeal to be heard on that record. As we said in Hess v. G. N. Ry. Co. 98 Minn. 198, 202, 108 N. W. 7, 803:

"* * * The court might in cases of this kind impose as a condition to the use of an adversary's printed record the payment of an equitable proportion of the cost of printing the same; but the question was not raised at the time the application was granted in this case, and we are without authority to now impose it."

This court also pointed out that (98 Minn. 201, 108 N. W. 803)—

"* * * The matter of disbursements on appeals to this court between adverse parties in actions at law is purely statutory. The statutes provide that the losing party shall pay the disbursements necessarily incurred by the prevailing party. The court has no discretion either in the allowance, disallowance, or apportionment of the same, and the only question involved in this case is whether the items sought to be taxed were incurred by defendant in consequence of plaintiff's appeal."

M. S. A. 607.01 reads in part:

"In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred."

It is clear that the disbursements at issue here were not necessarily incurred because of this appeal. Hess v. G. N. Ry. Co. 98 Minn. 198, 108 N. W. 7, 803; see, Muirhead v. Johnson, 232 Minn. 408, 46 N. W. (2d) 502. The conclusion of the clerk must be reversed as to the taxation of the transcript and record.

The cost of the special administrator's bond was properly disallowed since the bond was filed in probate court, apparently in compliance with M. S. A. 525.32, and not for the purpose of allowing the special administrator to respond to this appeal.

The clerk's taxation is affirmed as to the bond.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.