JOHN DUNHAM v. FREDERICK C. JOHNSON and Another.[1]

January 17, 1902.

Nos. 12,840—(172).

**Bond of Indemnity—Retiring Partner.**

In an action against the sureties on a bond given to a retiring partner, indemnifying him against liability on account of the debts of the partnership, *held*, that the contingent liability of the firm by reason of its ownership of stock in a corporation was not a debt, within the meaning of the recitals and conditions of the bond.

**Recitals in Bond.**

The recitals in a bond purporting to express the precise intention of the parties thereto will control its conditions, and prevent a more extensive operation of the bond than was intended by the parties as disclosed by the recitals.

Action in the district court for Hennepin county to recover $260 and interest upon an indemnity bond. From an order, Brooks, J., sustaining separate demurrers to the complaint, plaintiff appealed. Affirmed.

*C. J. Cahaley*, for appellant.

*Edwin C. Gale*, for respondents.

START, C. J.

Action upon an indemnity bond to the plaintiff, executed by the defendant and other obligors now deceased. Each of the defendants interposed a general demurrer to the complaint, and the

[1] Reported in 88 N. W. 737.

plaintiff appealed from an order sustaining each of the demurrers.

The facts alleged in the complaint are substantially these: The plaintiff and John C. Johnson for many years prior to October 25, 1892, were partners under the firm name of Dunham & Johnson, and conducted a wholesale grocery business at the city of Minneapolis. On the day named, the partnership was dissolved by mutual consent, and the plaintiff sold all of his interest in and to the assets of the firm to John C. Johnson, who, in consideration thereof, agreed to assume and pay all of the debts of the firm of every kind, and save the plaintiff harmless from all liability or damage growing out of, or in any manner connected with, the indebtedness of the firm. The indemnity bond here in question was given to the plaintiff to secure the performance of this agreement. It was executed by John C. Johnson and the defendant Frederick C. Johnson as principals, and John S. Pillsbury and others as sureties. Its recitals and conditions were in these words:

"The conditions of the above obligation are such that whereas, the above bounden John C. Johnson and John Dunham have for a great many years last past been engaged in the wholesale grocery business at Minneapolis, Minnesota; and whereas, the said firm, in conducting its said business, has incurred large debts to various parties in all parts of the country; and whereas, the said John Dunham and John C. Johnson are about to dissolve the said copartnership, by said John Dunham retiring from the said firm, the business to be continued by the said John C. Johnson and other parties with whom he may associate himself; and whereas, it has been agreed between the said John Dunham and the said John C. Johnson, as a part of their contract for a dissolution, that the said John C. Johnson shall assume and pay all the debts and liabilities of the said firm of Dunham & Johnson, and shall protect and save harmless the said John Dunham from any liability whatever by reason thereof, and shall save him from all costs and expenses in relation thereto: Now, therefore, if the principals herein shall pay all the debts of the said firm of Dunham & Johnson, and shall protect and save said John Dunham harmless from any liability by reason thereof, and shall pay to him any expense he may be put to by reason of any actions that may be brought against him as a member of the said firm of Dunham & Johnson, brought to recover any of the debts of the said firm of Dunham & Johnson, then this obligation to be null and void; otherwise to be and remain in full force and effect."

The firm at the time of its dissolution was the owner of fifty shares of the capital stock of the Minneapolis Industrial Exposition, a corporation, of the face value of $500, but in fact the corporation was then insolvent. Thereafter, and on February 20, 1897, certain creditors of the corporation instituted an action, under G. S. 1894, c. 76, against its stockholders, to enforce their constitutional liability in favor of creditors. Dunham & Johnson were made defendants therein, as the owners of the stock so held by them at the time the firm dissolved. Such proceedings were thereafter had that judgment was obtained in favor of such creditors against the plaintiff and John C. Johnson. After the entry of this judgment, and before its payment, John C. Johnson died; and the defendant Frederick C. Johnson, the other principal upon the bond, refusing to satisfy the judgment, the plaintiff was compelled to and did pay in full settlement thereof the sum of $260, for which sum, with counsel fees and costs, he demands judgment against the defendants in this action.

Are these facts sufficient to constitute a cause of action against the defendants upon the bond? The answer to this question depends upon whether the contingent liability of the firm for the debts of the corporation by reason of its ownership of the stock was one of the debts of the firm, within the meaning of the bond. The question is not whether, as between the plaintiff and his former partner, the latter was solely liable on the stock, but did the sureties on the bond undertake to indemnify the plaintiff against such liability? Now, what debts did the sureties have a right to understand, from the language of the bond, were to be paid by the partner taking over the business of the firm, and for the payment of which they became his sureties? There is no allegation in the complaint that the sureties at the time they executed the bond had any knowledge that the firm was contingently liable upon the stock, or that they had any knowledge as to the firm debts, except what was disclosed on the face of the bond. Therefore it would seem reasonably clear from the recitals of the bond and its conditions that they had a right to understand that it was only the debts of the firm which had been incurred in conducting a wholesale grocery business in the ordinary way against which

they were indemnifying the plaintiff. In construing this bond we must ascertain from its language what the parties to it intended when they executed it. This intention, as disclosed by the recitals of the bond, appears to have been that the sureties on the bond should save the plaintiff harmless on account of any debts growing out of the wholesale grocery business theretofore conducted by the firm, and not against any unknown contingent stock liability of the firm by reason of its incidental ownership of the stock. The condition of the bond is not inconsistent in this respect with its recitals, but were it otherwise the latter, purporting as they do to express the intention of the parties, must control. 1 Brandt, Sur. § 166. We therefore hold that the contingent stock liability was not a debt, within the meaning of the obligation entered into by the defendants; hence the complaint does not state a cause of action.

But the plaintiff claims that, even if it be held that the sureties on the bond are not liable in this action, the defendant Frederick C. Johnson must be held liable, because he is designated as a principal in the bond. But it is only upon the bond that it is sought to hold him liable in this action. It is not alleged in the complaint that he was a party to the agreement to assume and pay the liabilities of the firm, and his obligation on the bond cannot be extended to liabilities not within the purview of the bond. It follows that, whether he be treated as a principal on the bond or a surety, he is not liable thereon for the amount paid by the plaintiff on account of the stock liability of the firm, for the reason already stated.

Order affirmed.