## JOHN PERPICH v. LEETONIA MINING COMPANY.[1]

July 12, 1912.

Nos. 17,708—(153).

**Attempted rescue — right of action by rescuer.**

A person who voluntarily attempts to rescue one whose life is imperiled by the negligence of another, if injured in the attempt, may recover therefor from the negligent person, if the act of attempted rescue be not one of extreme recklessness.

**Negligence of defendant — contributory negligence — questions for jury.**

The question whether the person attempted to be rescued by plaintiff was placed in a position of peril by defendant's negligence, and whether plaintiff's act in attempting the rescue was so reckless and rash as to constitute contributory negligence, or assumption of risk, were issues of fact for the jury.

**No error.**

The record presents no reversible errors.

[1] Reported in 137 N. W. 12.

[Note] Voluntarily incurring danger to save another's life as contributory negligence, see notes in 49 L.R.A. 715 and in 27 L.R.A. (N.S.) 1069.

Action in the district court for St. Louis county to recover $15,000 for personal injuries. The substance of the complaint and the defense set up in the answer are stated in the second paragraph of the opinion. The reply was a general denial. The case was tried before Dibell, J., who when plaintiff rested and again at the end of the trial refused defendant's request to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $1,975. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Spencer & Marshall,* for appellant. '

*Victor L. Power,* for respondent.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The facts are as follows: Plaintiff and one Martinovich were fellow laborers in the employ of defendant in its underground iron mine. Their labor consisted, by means of dynamite and other explosives, in blasting iron ore and preparing it for cartage out of the mine. Holes in the face of the wall of ore were drilled to a proper depth, dynamite inserted therein, and by means of fuse attached thereto exploded, and the ore dislodged and thrown into movable quantities. On the day of plaintiff's injury the usual procedure had been followed, holes drilled and filled with dynamite, and the fuse lighted. Some difficulty appears to have been encountered in lighting all the fuse, there being five charges of dynamite to be exploded, and because of the difficulty only two were lighted. Plaintiff deemed it imprudent to attempt to light the remaining fuse, and he called to his fellow workman to go to a place of safety, lest the blast come while they were exposed to danger. Plaintiff immediately started down the drift, some eight feet wide, and after proceeding some distance, just how far is in dispute, he looked back and noticed that Martinovich was still standing near the lighted fuse, apparently ignorant of the danger confronting him. Realizing that Martinovich was in imminent peril, plaintiff called to him and returned to within

twenty feet of the wall of the mine, where Martinovich was still standing, for the purpose of rescuing him, when the charge of dynamite exploded, killing Martinovich, and seriously injuring plaintiff. In this action to recover damages for the injury so received by plaintiff, the complaint alleged that Martinovich was inexperienced in the work, unfamiliar with the dangerous character thereof, and that defendant employed and set him to work without previously warning and instructing him of the dangers surrounding the employment; that by reason of defendant's failure and neglect in this respect Martinovich was on the occasion of his death negligently and carelessly exposed to dangers of which he was unaware; and that plaintiff's injury was the result of an effort on his part to rescue him from his impending peril. In addition to a general denial, qualified by the admission of several allegations of the complaint, defendant interposed the defense of contributory negligence and assumption of risk.

Defendant contends, in support of its motion for judgment notwithstanding the verdict, that the evidence wholly fails to show either that Martinovich was an ignorant or inexperienced miner, or that defendant was negligent in not warning or instructing him concerning the dangers of the work; that plaintiff, his fellow workman, had a better opportunity to learn and know of his inexperience, if in fact Martinovich was inexperienced, than defendant, and assumed the risk of working with him; that the act of plaintiff in going to the rescue of Martinovich was rash and foolhardy, in view of the situation presented, of which plaintiff was fully informed, and therefore that plaintiff recklessly contributed to his own injury and cannot recover. In support of the motion for a new trial certain rulings are urged as reversible error.

1. As respects the duty of a master to his servants, the law imposes upon him the obligation of employing competent persons to do and perform the work assigned them. If he employs an incompetent person, and sets him to work with other servants, and such other servants are injured by reason of such incompetency, the master is liable for all damages sustained, unless it be shown that the injured servant had notice of the incompetency, or had equal opportunity

with the master to discover it. Nutzmann v. Germania Life Ins. Co. 78 Minn. 504, 81 N. W. 518. If the injured servant has notice of the incompetency, and fully appreciates the danger which might spring therefrom, he assumes the risk and cannot complain.

It is well settled, also, that the master is under legal obligation to warn and instruct his ignorant and inexperienced servants of all hidden or concealed dangers connected with the employment, or such as the servant might not readily understand and appreciate, and a failure so to do renders the master liable for injuries received by the servant which might have been avoided, had the instructions been given. If in the case at bar Martinovich was inexperienced and unfit for the work of blasting, by the use of dynamite and other explosives, and defendant failed and neglected to warn and instruct him of the dangerous character of the work, defendant was properly held by the jury as chargeable with negligence in respect to his employment.

The contention of defendant is that no such case was made by the evidence. In this we do not concur. Our examination of the record and a careful consideration of the evidence leads to the conclusion that the question was one of fact and properly submitted to the jury.

We find evidence in the record reasonably tending to show that Martinovich was unfit and inexperienced in this class of work, and evidence also tending to show that no instructions were given him by defendant. Some of the evidence was perhaps of a negative character; but it made a prima facie case of neglect on the part of defendant, and was sufficient to require defendant to disprove the case so made. Defendant offered no evidence that Martinovich was properly instructed or warned of the dangers of his work. It did appear that, when Martinovich applied for work, he stated to the defendant's officer that he was a miner. But this, standing alone, was insufficient to relieve defendant of its obligation of instructing him concerning the exceedingly dangerous character of the work, or of affirmatively ascertaining whether he understood and appreciated the same. Nutzmann v. Germania Life Ins. Co. supra. The question was for the jury.

The further contention that the evidence affirmatively shows that plaintiff knew of, or had equal opportunity with defendant to dis-

cover, the inexperience of Martinovich is not sustained. Plaintiff had been associated with Martinovich but one day prior to his injury and death, and it cannot be said as a matter of law that he should within that time have learned of his inexperience.

2. It is well established, though perhaps not by a uniform line of decisions by all the courts, that when, through the negligence of one person, another is placed in imminent peril of his life, a third person, standing by, who successfully rescues or unsuccessfully attempts to rescue the imperiled person may recover for injuries received by him in the attempt, in an action against the one whose negligence imperiled the life of the rescued person, unless it appear that the attempt to rescue was clearly one of rashness or recklessness under the circumstances presented. The authorities are practically all collected in a note to Corbin v. City (195 Pa. St. 461) 49 L.R.A. 715. The proximate cause of the injury to the rescuer in such cases is held to be the act of the person whose negligence created the peril, and, though the rescuer owed no duty to either, he may recover from the negligent person, unless under the circumstances disclosed it may be said that the attempt was one of extreme recklessness. We adopt that view of the law, and come to the question whether the act of plaintiff in attempting to save Martinovich was so rash and reckless as to constitute contributory negligence as a matter of law.

Upon that question the law is neither harsh nor exacting. Persons are held justified in assuming greater risks in the protection of human life than would be sustained under other circumstances. Schroeder v. Chicago, 108 Mo. 322, 18 S. W. 1094, 18 L.R.A. 827. Sentiments of humanity applaud the act, the law commends it, and, if not extremely rash and reckless, awards the rescuer redress for injuries received, without weighing with technical precision the rules of contributory negligence or assumption of risk. The question is ordinarily one of fact for the jury. Eckert v. Long Island, 43 N. Y. 503, 3 Am. Rep. 721; Pennsylvania v. Langendorf, 48 Oh. St. 316, 28 N. E. 172, 13 L.R.A. 190, 29 Am. St. 553. When confronted with a sudden emergency of the kind, the person in position to render aid is not afforded either time or opportunity to measure the chances of success. He must act quickly, if at all, and much must

be left, in determining the character of the act, to the particular situation with which he is at the moment confronted, viewing the act in the light of common prudence and the probability or improbability of success.

In the case at bar the evidence disclosed the fact, not disputed, that Martinovich was in a perilous position. The dynamite was likely to explode and kill him, as in fact it did, unless plaintiff could reach and warn him of his peril in time to enable him to make his escape. The jury found that his position was brought about by the negligence of defendant in failing to warn and instruct him, a situation justifying plaintiff's efforts to avert, if possible, the threatened harm. Whether plaintiff could safely approach the place, or whether it was an act of recklessness for him to do so, after he had himself reached a place of safety, and was guilty of extreme negligence in resolving the question in favor of the attempt to save a human life, was, we hold, a question for the jury. The length of time he had been away after lighting the fuse, necessarily short, and the distance he had gone down the drift to a place of safety, were matters in dispute, and for the jury to consider in determining the question. The evidence is not such as to justify this court in saying, as a matter of law, that his return was an act of recklessness precluding his right of action. The question was properly left to the jury, and the evidence sustains the verdict.

3. We discover no error in the rulings of the court, or its refusal to charge the jury as requested by defendant, to justify a new trial. The court refused to charge the jury, at the request of defendant, that if plaintiff knew, or could by ordinary observation have learned, that Martinovich was not an experienced miner, and plaintiff continued to work with him without complaint to defendant, then plaintiff assumed all risks incident thereto and could not recover. The court was right in refusing this request. The injury to plaintiff was not occasioned by any negligent act on the part of Martinovich in the performance of his work, but by the negligence of defendant in putting him to work without previously instructing and warning him of the dangers connected therewith. In other words, if Martinovich had been properly warned and instructed, he would not have

118 M.—33.

been exposed to danger, and there would have been no occasion for plaintiff to make the effort to rescue him. The request, though a correct proposition of law, was inapplicable to the case.

Order affirmed.