## SHIRLEY ENSOR v. DULUTH-SUPERIOR TRANSIT COMPANY.[1]

November 5, 1937.

No. 30,769.

G. A. E. Finlayson, for appellant.
Henry Paull and Westley W. Silvian, for respondent.

STONE, JUSTICE.

From an order granting plaintiff's motion for a new trial after verdict for defendant, the latter appeals. The order was based exclusively on an error in the charge.

[1]Reported in 275 N. W. 618.

At about five o'clock p. m. of December 3, 1934, during a heavy snowfall (16.8 inches at six p. m.) in Duluth, plaintiff and her husband were passengers on one of defendant's electric trolley buses. At Superior street and Twenty-eighth avenue east another bus became stalled in front of that in which plaintiff was a passenger, bringing it also to a stop. Two more buses came by. The second opened its gates while going slowly, just as it approached the stalled cars. Plaintiff and her husband, having left the bus in which they were riding, ran about half a block after the second passing vehicle and boarded it while it was moving. It kept going so as to maintain enough momentum to make easier its getting over an upgrade ahead. Plaintiff claims damages for injuries incurred from a fall as she boarded the bus and from a second tumble after she got inside. In respect to defendant's liability for the former, the court charged:

"If you find from the evidence in this case that plaintiff boarded the bus in question knowing that the same was in motion at the time of getting onto it, such act of hers was presumably a negligent act, and, in the absence of circumstances tending to excuse the act, no recovery can be had by her for any injuries which she claims she sustained while in the act of boarding the bus."

The learned trial judge concluded that the above instruction was erroneous, in its suggestion of the indicated presumption, and granted plaintiff's motion for that reason alone. He said:

"It is not a correct statement of the law in streetcar cases. 38 L. R. A. 786 (note). No bus cases have been found, although considerable search for them has been made. The law with respect to buses, however, on this point, will probably be somewhat more favorable to a passenger boarding a bus than to one boarding a streetcar. This error in the charge was prejudicial to plaintiff, and it is solely for that reason that a new trial is granted."

We shall detour the task of determining whether the judicial self-depreciation thus evidenced is or is not well-founded. We do feel that it was overdone for we cannot see how the questioned in-

struction, even though it be considered erroneous, can also be held prejudicial to plaintiff.

The case went to the jury upon the theory that plaintiff was a passenger of defendant. At the very beginning was this instruction:

"* * * the defendant is required to exercise the highest degree of care and diligence for the safety of its passengers consistent with the practical operation of the bus. The defendant is not an insurer of the safety of passengers boarding or on one of its buses. It is responsible, * * * for the safe carriage of its passengers, under the instruction which I have just recited to you."

Another statement from the charge is this:

"The law is that passengers must be given a reasonable opportunity to get safely on board a bus, regard, however, being had to the circumstances of each case. If you find from the evidence * * * that the defendant company did not give the plaintiff a reasonable opportunity to get safely on board the bus, and that as a proximate result thereof, the plaintiff fell and was injured, then it would be your duty to find that the defendant was negligent in respect to any injuries received by plaintiff while she was boarding the bus."

Later came this: "You are to determine the movements, almost step by step, according to the evidence that we have, that the plaintiff took up to the time that she claims that she fell" the second time inside the bus.

Highly important is the fact that the questioned instruction was expressly conditioned upon "the absence of circumstances tending to excuse the act." In the conditions of weather and street, plaintiff showed much of excuse for attempting to board the moving bus. In addition, she had testimony that a Mr. Smallidge, directing traffic for defendant at the time and place of the accident, invited her and her husband to get on the bus while it was in motion, explaining that under the conditions it could not or would not stop for them. Apropos of that and as about the last instruction (given on request of plaintiff's attorney), the court said:

"If you find from the evidence in this case that the plaintiff, Shirley Ensor, was invited by Mr. Smallidge or by the motorman of the bus to come on and board the bus while it was in motion, a duty rested upon the motorman in charge of the bus to exercise care and diligence to afford her a reasonable opportunity to do so safely, and failing in this, the defendant would be guilty of negligence for which a recovery may be had provided she was not herself guilty of negligence contributing to the accident."

The burden of proof both as to negligence and contributory negligence was correctly placed by the charge. The case was simple. The jurors took the evidence and instructions as practical ladies and gentlemen and not as technicians in the field of legal dialectics. If the instruction was wrong, it shifted erroneously, not the burden of proof on any issue, but at most and temporarily the mere onus of going forward with evidence. Upon the whole record, we cannot see the slightest possibility of prejudice. A high degree of care was exacted of defendant. But a practical north country jury apparently did not consider it to include insurance against serious hazards imposed by an unusually heavy snowfall, aggravated as to street conditions by the recent operation of snowplows, which had piled it in fairly sizable windrows on the sides of the street.

Our conclusion is reached in full recognition of the rule that the granting of new trial for erroneous instructions is largely a matter of discretion with the trial judge. He is in much better position than we are to pass upon that question, ordinarily one of fact. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7166. But in this case we have studied the record with care and for the reasons indicated just cannot see even remote possibility that plaintiff was prejudiced.

Furthermore, at the close of the charge, when the court asked if there were any exceptions, some suggestions as well as exceptions were made for plaintiff. One of them specifically had to do with plaintiff's alleged fall on the steps of the bus as she was boarding it. But it was entirely silent as to the instruction later and successfully made the ground of the motion for new trial. If all that does

156

not come within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, it comes perilously close to it.

Order reversed.