## ODESSA DUFF v. BEMIDJI MOTOR SERVICE COMPANY AND ANOTHER.[1]

June 20, 1941.

No. 32,699.

[1]Reported in 299 N. W. 196.

*Dell & Rosengren,* for appellant.
*Smith & Nolan,* for respondent.

STONE, JUSTICE.

Action for wrongful death wherein plaintiff had a verdict against both defendants. Defendant Bemidji Motor Service Company, hereinafter mentioned as though it were the only defendant, appeals from the order denying its motion for judgment notwithstanding or a new trial.

The Temanson truck loaded with cordwood became stalled while southward bound on trunk highway No. 71 somewhere north of Bemidji late in the afternoon of November 27, 1939. Defendant's service truck was called to the scene. It took position facing northward, or against the traffic, on the westerly, southbound lane of the highway. Darkness fell with the trucks in that position. The headlights of defendant's truck were on. With obvious negligence (3 Mason Minn. St. 1940 Supp. § 2720-264) defendant's driver, one Skaja, failed to set out flares, although he had them conveniently at hand on the truck. One motorist coming from the north, perceiving the danger, stopped long enough to free his mind to the two truck drivers, Temanson and Skaja, concerning their inexcusable failure to set out flares as both facts and law demanded.

In this situation, Mr. Duff came from his home near-by to render assistance. Perceiving the danger, especially to traffic coming from the north on the west side of the highway which was blocked by the trucks, he took position in front of the left headlight of defendant's truck in order to warn southbound drivers by signal-

ing them with his arm and a flashlight which he had with him. While in that position, a car driven by Mr. Wild came from the north. Wild did not perceive, until too late to avoid collision, whether that truck was stationary, or that it was blocking the southbound traffic lane. Mr. Duff was caught between the Wild car and defendant's truck and fatally injured.

The failure of defendant's chauffeur to use his flares as required by statute, 3 Mason Minn. St. 1940 Supp. § 2720-264, is enough without more to sustain the jury finding of negligence chargeable to defendant. That carelessness was aggravated by the fact that Townsend had stopped to protest against the failure to set out flares. The only excuse offered by Skaja was that he was going to get the trucks out of the way. His failure in that respect, the jury reasonably found, cost a human life, to say nothing of the injuries to himself and occupants of the Wild car. Both the negligence and its agency of proximate causation are made plain by the evidence.

■ For defendant it is argued that negligence of Wild in not avoiding the collision was an intervening and sole cause of the injury to Mr. Duff. Assuming negligence on the part of Wild, it was at least a question of fact whether it was concurrent with that of defendant rather than so independent of it as to be an intervening cause. Clearly, on the evidence, the question was for the jury. Johnson v. Sunshine Creamery Co. 200 Minn. 428, 274 N. W. 404.

The case is far from parallel with Engle v. Nelson, 220 Iowa, 771, 777, 263 N. W. 505, 509. Therein, the defendant, driving his car, saw the standing cars "when he was 1,200 or 1,400 feet away from them, and knew that they were upon the north half of the highway immediately in his path, and knew that they were stationary." In consequence, it was held that "the presence of a 'flare' or any other signal would have given him no more notice and no more knowledge than he had by actually seeing the stationary cars in front of him."

The rule so applied was that "a person who has knowledge of the presence of a train or auto which imparts to him the very thing that a signal was intended to impart cannot, under ordinary circumstances, predicate negligence on the failure to give a signal."

That statement of the rule highlights the futility of the argument for defendant. The northward-facing headlights of defendant's truck may have confused Wild. He was driving toward them. They were on his side of the road. There is evidence that they had not been depressed or dimmed. There is no hint that they were not of the usual high candle power. It is therefore apparent that a jury could reasonably infer a lack of negligence on Wild's part. Blinded as he probably was by the headlights of defendant's truck, the wisdom of the statutory requirement of flares is obvious. The presence of burning flares would have imparted to Wild additional and highly important warning of a hazard greater than and different from anything advertised to him in the absence of the flares. Twa v. Northland Greyhound Lines, Inc. 201 Minn. 234, 275 N. W. 846.

■ The principal claim of defendant is that Mr. Duff was contributorily negligent as matter of law. That we deny. The question was for the jury under the familiar rule of such cases as Perpich v. Leetonia Min. Co. 118 Minn. 508, 137 N. W. 12. For our other cases, see 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7025. The latest is Arnold v. Northern States Power Co. 209 Minn. 551, 297 N. W. 182.

The facts of Dragotis v. Kennedy, 190 Minn. 128, 250 N. W. 804, are so different from those of this case that we decline resort to the overworked professional diversion of "distinguishing" decisions.

On the merits of the issue, two factors are controlling. The first is that the proximate cause of injury to one who voluntarily interposes to save from injury other persons put in peril by the negligence of still another is the negligence which causes the peril and not the intervention of the attempted rescuer. Maryland Steel Co. v. Marney, 88 Md. 482, 42 A. 60, 42 L. R. A. 842, 71 A. S. R.

441. The other is that persons are ordinarily justified in assuming greater risks to protect human life and limb than the law would sanction under other circumstances. Schroeder v. Chicago & Alton R. Co. 108 Mo. 322, 18 S. W. 1094, 18 L. R. A. 827 (both cases reviewed in the note at 49 L. R. A. 715, which was cited in Perpich v. Leetonia Min. Co. *supra*).

■ The verdict for $9,000 is challenged as excessive. The supporting argument, in its statement of facts, is a model of candor. But the facts defeat it. Mr. Duff, when death overtook him, was 49 years old, his expectancy 21.63 years. By trade he was a carpenter with some experience in "concrete finishing." Off and on and as much as possible since 1937, he had been employed by the Works Progress Administration. In that work his earnings were $80 monthly. There is evidence that he was capable of earning in private employment a wage of from 80 cents to $1.00 an hour. There is no hint that he had any notion that government, nor anyone else, owed him or his family a living. The jury could well have inferred that he was more than ordinarily industrious and intent, not on doing as little work as possible, but on exerting himself to the utmost for the security of himself and family. The latter consisted of his wife, age 35, in poor health, and three children, ages 16, 14, and 11. In addition to his gainful employment by others, he did much and steady work on his 47-acre farm, whereon he was constructing a dwelling.

In short, the evidence by word and inference pictures a devoted and industrious father whose untimely death resulted in pecuniary loss to his invalid wife and three minor children, which we cannot say was overestimated by the jury. *Cf.* Hoppe v. Peterson, 196 Minn. 538, 265 N. W. 338; Thoirs v. Pounsford, 210 Minn. 462, 299 N. W. 16.

■ The one real question presented by this appeal (and probably the only one to justify it) arises on an assignment of error challenging a portion of the charge. One instruction was this:

"It is the law of this state, when through the negligence of one or more persons another is placed in imminent peril of his life, a third person standing by, who attempts to rescue the imperiled person may recover for injuries received by him in the attempt and may recover in an action against those whose negligence imperiled the life of the rescued person unless it appears that the attempt to rescue was clearly one of rashness or recklessness under the circumstances as disclosed by the evidence in this case."

The charge would have been more accurate if that word "clearly" had been omitted. It is enough if the act of the rescuer appears from fair preponderance of evidence to have been so rash or reckless as under the circumstances to indicate a lack of that prudent conduct that would have characterized the man of ordinary prudence under the same or similar circumstances.

In our view, the cases do not justify the inclusion in an instruction of the element that the rescuer's attempt must be "clearly" one of rashness or recklessness. It is enough to justify a jury in considering it contributory negligence if, by fair preponderance of evidence, it appears to have been, notwithstanding its laudable motive, an act of rashness or recklessness.

The instruction is said to have been based upon Perpich v. Leetonia Min. Co. 118 Minn. 508, 137 N. W. 12. If so, another illustration may be presented of the error occasionally made by incorporating in an instruction the general statement of an appellate court which is intended only to sustain it in affirming a decision on the issue of fact. Cf. Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413.

Defendant properly stresses, in support of its argument that there was error in the charge as indicated, Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 347, 211 N. W. 580, 582. There we reversed because of an instruction that "the presumption [that the deceased at the moment of his fatal injury was in the exercise of due care] * * * must yield to clear proof of his contributory negligence." We held that the demand for "clear proof" erroneously required

more than a greater weight of the evidence to overcome the presumption. Now, under the rule of Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557, neither that presumption, nor any other in the category of rebuttable presumptions, should be given to the jury in a civil case. Notwithstanding, we think it was error in this case to include in the challenged instruction the adverb "clearly."

Assuming that, to the extent and for the reasons stated, the use of the word "clearly" in the challenged instruction was error, we are yet constrained to hold that it was without prejudice under the circumstances in this case. Ensor v. Duluth-Superior Transit Co. 201 Minn. 152, 275 N. W. 618. The facts were simple. The evidence relating to the conduct of the deceased is without serious conflict. A holding that there was resulting prejudice would rest upon a conclusion of fancy rather than realistic consideration of the facts and resulting issue. The jury was twice instructed, in language not excepted to, that a fair preponderance of the evidence was all that was needed to prove contributory negligence.

Affirmed.

