BROWN v. ROSS.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.
   Testimony must be construed as strongly as is reasonably proper
   in favor of the plaintiff in considering whether or not defend-
   ants' motion for a directed verdict was properly granted.

2. NEGLIGENCE—PROPRIETY OF ACTION—CIRCUMSTANCES.
   The prudence and propriety of an action are not to be judged
   by the event but by the circumstances under which it was
   done.

3. COURTS—PRECEDENTS.
   Prior decisions of State Supreme Court and of other States,
   involving different factual situations than presented in case
   under consideration are of assistance in determining such
   case only to the extent they recognize and apply controlling
   principles.

4. SAME—EMERGENCY.
   One who, in a sudden emergency, acts according to his best judg-
   ment, or who, because of want of time in which to form a
   judgment, omits to act in the most judicious manner, is not
   chargeable with negligence, provided he exercised in the emer-
   gency the care of a reasonably prudent individual under like
   circumstances.

5. SAME—CONTRIBUTORY NEGLIGENCE—EFFORTS TO SAVE ANOTHER
   PERSON OR PROPERTY FROM HARM.
   It is not contributory negligence for a plaintiff to expose him-
   self to danger in a reasonable effort to save a third person or
   the land or chattels of himself or a third person from harm.

6. SAME—CONTRIBUTORY NEGLIGENCE—FIRE AT GASOLINE STATION—
   QUESTION FOR JURY.
   Plaintiff was not, as a matter of law, guilty of contributory neg-
   ligence in his efforts to extinguish a fire at a gasoline filling
   station that had followed a collision of 2 cars at the intersection
   near which station was located, where he received severe burns
   in his efforts to save his son who worked at the station and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 945.
[2, 4] 38 Am Jur, Negligence § 41.
[5] 38 Am Jur, Negligence §§ 228–230.
[6] 38 Am Jur, Negligence § 348.

who was engaged in an attempt to put out the fire with a fire extinguisher, the issue of plaintiff's contributory negligence being one of fact for the jury under the circumstances.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 4, 1956. (Docket No. 21, Calendar No. 46,204.) Decided March 1, 1956.

Case by Archibald M. Brown against Ward W. Ross, Ward W. Ross, Inc., a Michigan corporation, Robert J. Shannon, Dale B. Preston and Walter Bindig for damages to compensate for personal injuries received from fire at gasoline service station at which he was assisting following automobile collision. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Dudley & Patterson*, for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard A. Harvey*, of counsel), for defendants Ross, Ward W. Ross, Inc., and Bindig.

CARR, J. Plaintiff brought this action in circuit court to recover damages for personal injuries claimed to have resulted from negligence on the part of the defendants. On June 14, 1952, at approximately 4 o'clock in the afternoon, defendant Bindig was operating a truck on Middlebelt road in Farmington township, Oakland county. At the same time defendant Preston was driving a Chevrolet sedan on Northwestern highway. The vehicles were simultaneously approaching the intersection of said thoroughfares, and in some manner came in contact therein. As a result of the impact the sedan was deflected from its course and into a service station located at the northeast corner of the intersection. The vehicle struck a gasoline pump, knocking it over

and causing the gasoline to ignite. Shortly before the accident occurred plaintiff had driven his son, who worked in the service station, to the premises, and had stopped his car beside one of the pumps. The son, Glenn Brown, was about to put gasoline in his father's automobile at the time defendant Preston's Chevrolet entered the premises with the result above set forth.

On observing the burning gasoline plaintiff drove his car to a place in proximity to Northwestern highway, where he apparently considered that it would be reasonably secure from damage. In the meantime his son Glenn obtained a fire extinguisher and attempted to put out the blaze. When plaintiff returned from parking his car he took the extinguisher from Glenn, telling the latter to call the fire department. The operator of the station gave a like direction and Glenn immediately went into the service station building to a telephone for the purpose suggested. Plaintiff and the operator of the station approached the fire and attempted to extinguish it. The efforts were unsuccessful and a sudden burst of flame caused the clothing of plaintiff to become ignited. As a result he was seriously burned, was hospitalized for a period of 24 days, and was out of work for 2 months.

In the declaration filed by plaintiff in the cause it was alleged that defendant Preston was guilty of negligence in operating his car across the intersection at an excessive rate of speed, without having it under proper control, and without keeping a reasonable outlook for other traffic. It was also alleged that defendant Bindig failed to exercise proper care in the operation of the truck driven by him in that he disregarded a "stop" sign, and that in general he operated his vehicle in a careless and negligent manner. Defendant Shannon was the owner of the car driven by Preston, but in his answer to the declara-

tion he denied that it was being operated at the time of the accident with his knowledge and consent. The declaration averred that the truck driven by Bindig was owned by either defendant Ross or by Ward W. Ross, Inc. The answer of said defendants admitted that the corporation was the owner. The defendants also denied that plaintiff at the time he received his injuries was free from contributory negligence, as claimed by him in his pleading.

The case was tried before a jury. On behalf of plaintiff, testimony was introduced tending to support the averments of his declaration as to the negligence of the drivers of the 2 vehicles involved in the collision. At the conclusion of his proofs counsel representing the defendants joined in a motion for a directed verdict in their favor, on the ground that under the evidence plaintiff had voluntarily exposed himself to the risk of injury and could not thereby increase the liability of defendants resulting from their antecedent negligence, if there was such. The motion was considered by the trial judge as based on the claim, in substance, that plaintiff was guilty of contributory negligence as a matter of law and was, in consequence, barred from recovery. The verdict was directed on that basis and judgment entered for the defendants. Plaintiff has appealed, claiming that the issue as to his contributory negligence should have been submitted to the jury, with the other questions raised by the pleadings and the proofs.

On behalf of plaintiff it is contended that he subjected himself to the risk of injury in order to save his son from harm. On the trial in circuit court, after testifying with reference to the accident and his injuries from the burning gasoline, plaintiff said:

"After I moved my car, I ran back toward my son. I knew there would be a flash fire of some sort and

I rushed up to his extinguisher, and I tried his extinguisher, and it wouldn't work and I backed away. My reason for running up there was so that my son wouldn't be burned, because I knew gasoline, a burn, a flash burn, what it would do. I have had 1 or 2 occasions to have them at the Pontiac Motor Plant. I must have been back 10 or 12 feet from the pump at the time that I got burned. * * * I had backed away from the pump, and Mr. Latham was still close to the pump when the explosion happened. There was a strong wind blowing from Middlebelt and there was a door in the side of the gasoline pump that was open and the gas in there ignited and the wind blew it towards me and away from Mr. Latham."

The further argument is suggested on behalf of plaintiff that as long as the gasoline continued to burn, the service station and all persons on the premises were in danger because of the risk of a possible explosion and the results that might ensue. In considering whether the motion for directed verdict was properly granted, the general rule must be recognized that the testimony is to be construed as strongly as is reasonably proper in favor of the plaintiff. It is also true that each case of this nature must be considered on the basis of the facts involved as shown by the proofs. In consequence, prior decisions of this Court, and of the courts of other States, involving different factual situations than presented here are of assistance only to the extent that they recognize and apply certain controlling principles.

In view of plaintiff's claim that he acted under circumstances that did not permit deliberation as to the course that he should follow, the following statement found in 38 Am Jur, Negligence, § 41, p 686, is in point:

"The prudence and propriety of an action are not to be judged by the event but by the circumstances under which it was done. The rule, as stated gen-

erally, is that one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence, provided he exercised in the emergency the care of a reasonably prudent individual under like circumstances. The fact that injurious consequences might have been avoided had he selected another course of conduct does not charge him with negligence."

In *Brugh* v. *Bigelow,* 310 Mich 74, plaintiff sought to recover damages for injuries sustained while attempting to assist defendant following an automobile accident claimed to have resulted from defendant's negligence. Plaintiff claimed that she discovered defendant, and another, beneath an automobile which was resting on its side. While endeavoring to render assistance, said automobile was righted, rolled backward, and struck plaintiff, causing serious injuries. Motion to dismiss the declaration was granted by the trial court. On appeal this Court reversed, holding that the issues raised were proper ones for determination by a jury. This case is reported in 158 ALR 184, followed by an extensive annotation relating to liability for injuries to one seeking to rescue another from danger.

In *Tarnowski* v. *Fite,* 335 Mich 267, plaintiff sought to recover damages for personal injuries claimed to have been received by her when the taxicab in which she was riding stopped suddenly. The case was tried before the circuit judge without a jury, the proofs indicating that plaintiff had with her in the cab a young child whom she sought to save from injury when the cab driver applied the brakes, and that she sustained her injuries in that attempt. There was testimony in the case to the effect that plaintiff permitted the child, who was 2 years old, to stand on the floor of the cab. On the basis of the

proofs before him the trial judge decided the case in favor of the defendant, finding as a fact that plaintiff was guilty of contributory negligence. In sustaining the decision this Court directed attention to proofs indicating that plaintiff was negligent in allowing the child to stand on its feet in the cab prior to the alleged sudden stopping of the vehicle. The case was determined not on the theory that plaintiff was guilty of contributory negligence as a matter of law but on the ground that the testimony fairly indicated that she was, in fact, guilty of negligence constituting a proximate cause of the injuries.

The recent decision in *Parks* v. *Starks*, 342 Mich 443, involved the question whether plaintiff was barred from recovering damages because of contributory negligence as a matter of law on his part. Prior to plaintiff's injuries 1 of the defendants against whom the action was brought had driven his automobile in such manner as to strike a pillar supporting a canopy in front of a garage. As a result the canopy was rendered insecure. The owners of the garage were notified of the situation but did not erect barricades. In viewing the premises on the following morning plaintiff, who was a deputy sheriff, noticed 3 children beneath the canopy. After warning them to leave because of the danger, he stepped toward them and was struck and injured by the falling canopy. The suit resulted. Plaintiff had judgment in the trial court and 1 of the defendants appealed. It was held that the trial court's finding that there was negligence on appellant's part which was a proximate cause of the accident was not against the clear preponderance of the evidence, and that whether plaintiff was guilty of contributory negligence barring recovery was an issue of fact rather than of law. Attention was directed to 38 Am Jur, Negligence, § 228, p 912, and to *Wagner* v. *International R. Co.*, 232 NY 176 (133 NE 437, 19 ALR 1).

The judgment in plaintiff's favor was affirmed. See, also, *Balderson* v. *Portland Telephone Co.,* 173 Mich 412.

Counsel for defendants Bindig, Ross and Ward W. Ross, Inc., call attention to *Cook* v. *Johnston,* 58 Mich 437 (55 Am Rep 703), in which this Court reversed a judgment for the plaintiff for injuries received by her in a burning building. It was claimed that the fire resulted from negligence on the part of the defendant. The testimony in the case established that after the fire had gained considerable headway plaintiff went into the building for the purpose of removing a horse belonging to her husband. In reversing the decision some emphasis was placed on the fact that plaintiff had assumed a "plain and palpable risk." It should be noted, however, that the case was remanded for a new trial rather than for dismissal.

In *Taylor* v. *Home Telephone Co.,* 163 Mich 458 (31 LRA NS 385), the facts, as in *Cook* v. *Johnston, supra,* are substantially at variance with those in the case at bar. In the *Taylor Case* the plaintiff, in an effort to close a window, deliberately subjected herself to the force of a stream of water entering the window in her place of employment. It was claimed that the stream came from a water main as a result of negligence on the part of defendant's employees. Obviously the plaintiff knew that she might be injured as a result of placing herself directly in front of the stream. No question was involved of saving another from peril.

In *Reynolds* v. *Great Northern R. Co.,* 159 Minn 370 (199 NW 108), the action was brought to recover damages for negligence resulting in the death of plaintiff's intestate. The jury returned a verdict for plaintiff, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. The deceased was

conductor of a train which included a gasoline car. Delivery of gasoline was undertaken at a certain pumping plant. The gasoline was drawn from the tank car through a hose about 20 feet in length, the nozzle being placed in the opening of the intake pipe at the plant. Decedent for some reason pulled the nozzle of the hose out of the pipe, resulting in gasoline being sprayed into the air and upon a lighted lantern in proximity to the operation. A fire started at once. The conductor left the immediate vicinity and gave orders to start the train. This was done, whereupon the conductor ran along the side of the tank car endeavoring to cut off the burning hose with a knife. In consequence his clothing caught fire and he sustained burns resulting in his death several hours later. The action for damages was brought under the Federal employers' liability act.* Judgment in favor of the plaintiff was appealed to the supreme court of the State. It was the claim of defendant that plaintiff's decedent was guilty of negligence constituting the sole and proximate cause of the accident. The court referred to the action of another employee of defendant in leaving the lighted lantern in such a position that gasoline might be sprayed on it. In affirming the judgment, it was said, in part:

"It may seem to us, looking at the matter from this distance, that cutting the hose was obviously dangerous and likely to increase rather than check the fire, for it would not stop the flow of gasoline. But the conductor was suddenly confronted with an emergency, and in cutting the hose undoubtedly acted on the impulse of the moment in an attempt to prevent an explosion. We think it fair to assume that in his excitement he failed to realize or appreciate either the danger or the futility of his act. And whether, in view of all the circumstances, his conduct was so unreasonable and reckless that he should be

---

* See 45 USCA, § 51 *et seq.*—Reporter.

deemed to have assumed the risk was, we think, a question for the jury."

Among decisions from other States discussing the general principles applicable in a case of this nature are: *Wagner* v. *International R. Co., supra; Highland* v. *Wilsonian Investment Co.,* 171 Wash 34 (17 P2d 631); *Cote* v. *Palmer,* 127 Conn 321 (16 A2d 595). In the last cited case it was said (pp 326–328):

"The question as to contributory negligence on the part of the decedent requires consideration of the so-called 'rescue doctrine,' for only under that doctrine could she be held free from such negligence. It is succinctly stated in the Restatement as follows: 'It is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person or the land or chattels of himself or a third person from harm.' 2 Restatement, Torts, § 472. In general support of this principle, the following cases, out of many, may be cited: *Eckert* v. *Long Island R. Co.,* 43 NY 502; *Wagner* v. *International R. Co.,* 232 NY 176, 180 (133 NE 437, 19 ALR 1); *Dixon* v. *New York, N. H. & H. R. Co.,* 207 Mass 126, 129 (92 NE 1030); *Perpich* v. *Leetonia Mining Co.,* 118 Minn 508, 512 (137 NW 12); *Bond* v. *Baltimore & Ohio R. Co.,* 82 W Va 557, 560 (96 SE 932, 5 ALR 201); see, also, 3 Elliott, Railroads (3d ed), § 1814; note 19 ALR 4. The statement quoted contains in itself a limitation, for it only applies where the effort to save is 'reasonable' and it suggests a question as to the elements involved in determining what effort is to be deemed reasonable. The answer to that, so far as it admits of an answer, is that the same standard generally used in testing whether or not an act is negligent is to be applied; that is, the conduct of an ordinarily prudent person in the same circumstances as the plaintiff. 'The question in such a case is not what a careful person would do, under ordinary circumstances, but what would he be likely to do  \*  \*  \*   in the presence of such existing peril.' *Pittsburg, C., C. & St. Louis R.*

*Co.* v. *Lynch,* 69 Ohio St 123, 131 (68 NE 703, 63 LRA 504, 100 Am St Rep 658).  *  *  *

"It better accords with the analogies of the law to apply the usual standard of conduct, that is, the conduct of an ordinarily prudent person under the same circumstances. The standard is the same upon which contributory negligence is always to be determined, but in a case like the one before us, it necessarily involves such circumstances as those which have been mentioned."

In the case at bar the testimony of the plaintiff, above quoted, construed as strongly as possible in his favor, indicates that when he discovered that his son was endeavoring to put out the fire with an extinguisher he realized that such operation was dangerous, particularly to one unfamiliar with the dangers from burning gasoline. It is a matter of inference that he considered that, because of his past experience, he would be better able to protect himself than would his son. His statements suggested that he wanted to get Glenn away from the immediate danger, and that in order to do so he undertook to carry on the efforts that Glenn had begun. Whether the young man was justified in assuming a risk of injury to save his employer's property is not in issue. The fact is that his father found him so engaged and adopted the plan suggested in order to remove him from proximity to the burning gasoline. Under the circumstances presented, plaintiff doubtless acted on impulse and adopted a course that subsequent events proved unwise, at least from his own standpoint. It is undoubtedly true also that the burning gasoline constituted a threat to persons and property in the immediate vicinity. Under the circumstances we are not prepared to say that plaintiff was, as a matter of law, guilty of contributory negligence. On the record before us we think such ques-

tion should have been submitted to the jury with the other issues of fact presented.

Reversed and remanded to the circuit court with directions to set aside the judgment entered on the directed verdict, and to grant a new trial.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, KELLY, and BLACK, JJ., concurred.